IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-10783-smr |
| | § | |
| **JUST ONE DIME COACHING, LLC,** | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| | § | |
| **MINNS FIRM CLIENTS,** | | Adv. Pro. No. 23-01036-smr |
| Plaintiff, | | |
| vs. | | |
| DANILO VARRIALE; VLEGACIV, LLC; VARBUCK, LLC; DANMARK, INC.; DANVID, f/k/a BEARDMAN COMPANY CORP; BEARDMAN COMPANY CORP.; DAGABIA, INC.; DSD IMPORTS BROS., LLC; BRETT GEORGE; N2 ECOM, LLC; AKH INVESTMENTS, LLC; BOH SOLUTIONS, LLC; E-COM HIGHWAY, LLP; APEX PSW, LLC; DAVID LOPEZ; VICTORIA ECOM, LLC; LUXEUP, INC.; VICTORIA STATE, LLC; APPS INNOVATION, INC.; PATRICK CUPILLARI; THE SKUNK LABS, LLC; 324 MAIN STREET PROPERTY, LLC; PROPHET CONSULTANTS, LLC; TRAVIS SETH KNIEP; JOSIAH KNIEP; KIMBERLY KNIEP; AND AUDREY "ATALIE" KNIEP, | | |
| Defendants. | | |

**MOTION OF PATRICK CUPILLARI, THE SKUNK LABS, LLC, 324 MAIN STREET PROPERTY, LLC, AND PROPHET CONSULTANTS, LLC TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT FILED BY MINNS FIRM CLIENTS**

This pleading requests relief that may be adverse to your interests.

If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.

A timely filed response is necessary for a hearing to be held.

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

Patrick Cupillari, Skunk Labs, LLC, 324 Main Street Property, LLC, and Prophet Consultants, LLC (collectively, the "New Jersey Based Defendants"), by and through their attorneys, Rabinowitz, Lubetkin & Tully, LLC and McGinnis Lochridge LLP, hereby file this, their *Motion to Dismiss Second Amended Adversary Complaint Filed by Minns Firm Clients* (the "Motion"), and respectfully show unto the Court the following:

## INTRODUCTION

1. The New Jersey Based Defendants bring this Motion to dismiss the Second Amended Complaint of the Minns Firm Clients for failure to state a claim on numerous grounds.

2. Although the New Jersey Based Defendants assert that the Minns Firm Clients had no authority to file the Second Amended Complaint which is thus a nullity, they file this Motion in order to respond to that Second Amended Complaint to avoid any assertion of default.

3. As set forth below, through this Motion, which incorporates by reference the New Jersey Based Defendants' prior pleadings including their prior motion to dismiss, and their reply to the Minns Firm Clients' response to the initial motion to dismiss, the New Jersey Based Defendants request this Court to dismiss the Second Amended Complaint with prejudice.

## PROCEDURAL BACKGROUND

4. On November 23, 2022, Just One Dime Coaching, LLC (the "Debtor") filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

5. On November 23, 2022, Randolph N. Osherow (the "Trustee") was appointed as interim Chapter 7 Trustee for the Debtor's bankruptcy estate and continues to serve as Trustee herein.

6. Prior to the commencement of the Debtor's bankruptcy proceeding, the Minns Firm Clients filed five (5) District Court suits against the Debtor, its principals, and various parties with

whom the Debtor contracted and their affiliates. The New Jersey Based Defendants were not named as defendants in any of those actions. The District Court actions assert (i) breach of contract; (ii) conspiracy to commit fraud; (iii) unjust enrichment; (iv) fraudulent transfer claims; and (v) the failure to register securities claims. Those District Courts complaints are public records which the Court can consider on this Motion to dismiss.

7. On November 28, 2023, the Minns Firm Clients filed the initial adversary proceeding Complaint which commenced the action to which this dismissal Motion relates. That initial Complaint asserted breach of contract claims (based on a third party beneficiary theory), conspiracy to commit fraud claims, and unjust enrichment claims, all of which underlying causes of action were also asserted in the pre-petition District Court actions.

8. The initial Complaint referenced an impending sale transaction not yet approved by the Court, in which the Minns Firm Clients intended to acquire claims and causes of action held by the Debtor. Based on the language in that initial Complaint, it was unclear whether the Minns Firm Clients were asserting direct claims they believe they held, or the claims owned by the Debtor, or both.

9. The initial Complaint attached the Amazon Store Builder Independent Partner Agreement between the Debtor and N2 Ecom LLC, and asserts such form was the contract utilized between the Debtor and the "Brand Builders" which purportedly supports plaintiffs' third party beneficiary breach of contract claims. See, Exhibit "2" of plaintiffs' initial Complaint.

10. The New Jersey Based Defendants were added as additional defendants to the adversary proceeding via the initial Complaint, despite not being named as defendants in any of the pre-petition District Court actions. The Debtor, who was a defendant in all the District Court matters, was not included as a defendant in the initial adversary proceeding.

11. On January 5, 2024, the Minns Firm Clients amended their adversary proceeding Complaint by filing their First Amended Complaint.

12. The Debtor and the Minns Firm Clients are parties to agreements, called "Services Agreements," referenced in the Amended Complaint, and which is attached to the District Court complaints, under which the Debtor became obligated to perform certain activities for the Minns Firm Clients. Pursuant to an Amazon Store Builder Independent Partner Agreement (the "Agreement") between the Debtor and Skunk Labs, LLC ("Skunk Labs"), one of the New Jersey Based Defendants, Skunk Labs agreed to perform certain activities for the Debtor. The Minns Firm Clients are not intended beneficiaries of the contract between the Debtor and Skunk Labs, nor do the Minns Firm Clients qualify as a donee or creditor beneficiary under the Agreement.

13. On June 22, 2022, in connection with the termination of the relationship between the Debtor and Skunk Labs, the Debtor voluntarily and knowingly waived and released any and all claims against Skunk Labs.

14. Defendant Patrick Cupillari is the principal of Skunk Labs. The other New Jersey Based Defendants are affiliates of Mr. Cupillari that had no involvement with the Debtor or any of its customers. The inclusion of the New Jersey Based Defendants other than Skunk Labs in the amended adversary proceeding appears to be based solely on the identification of affiliates of Patrick Cupillari resulting from wide ranging corporate searches performed by the Minns Firm Clients, without any consideration of whether the subsequently identified entities had any involvement with the Debtor or the Minns Firm Clients themselves.

## THE ORIGINAL MOTION TO DISMISS

15. The New Jersey Based Defendants filed a motion to dismiss the First Amended Complaint on January 23, 2024. No timely response to that motion was filed by the Minns Firm

Clients. Other defendants filed similar motions to dismiss. The Minns Firm Clients filed a response to all the motions to dismiss, and the Court has scheduled a hearing for March 18, 2024 on all the pending dismissal motions. The New Jersey Based Defendants filed a timely reply in further support of their prior motion to dismiss.

16. The New Jersey Based Defendants' initial motion to dismiss and reply sets forth numerous bases for dismissal on both procedural and substantive grounds.

## SECOND AMENDED COMPLAINT

17. On February 22, 2024, the Minns Firm Clients filed what it characterized as a Second Amended Complaint [ECF 50]. That Second Amended Complaint was filed after the New Jersey Based Defendants had already responded to the First Amended Complaint.

18. The Minns Firm Clients did not request leave pursuant to Federal Rule of Bankruptcy Procedure 7015 to file the Second Amended Complaint, and did not have the consent of the New Jersey Based Defendants to file a Second Amended Complaint.

19. The Minns Firm Clients presumably filed the Second Amended Complaint in response to the Court's Order dated February 9, 2024, ECF 26, which resolved the motions by defendants Kimberly Kniep, Josiah Kniep and Audrey/Atalie Kniep for a more definite statement pursuant to F.R.C.P. 12(e). That Order did not authorize the filing of a Second Amended Complaint as to all parties, but simply required the Minns Firm Clients to "amend their Complaint within 14 days of entry of this Order to state with specificity the acts they allege each Defendants committed which support each of the three causes of action alleged in paragraph 47 through 65 of their Complaint."

20. The Second Amended Complaint makes it clear the pending adversary is wholly dependent on the Court approving the sale of the Debtor's claims which has not yet been approved by the Court, clarifying the issue raised by the confusing language in the initial Complaint.

### THE MINNS FIRM CLIENTS' MOTION TO EXTEND TIME TO RESPOND TO THE ORIGINAL MOTION TO DISMISS

21. On or about February 23, 2024, the Minns Firm Clients filed a motion to extend their time to respond to the initial motion to dismiss filed by the New Jersey Based Defendants [ECF 53]. The Minns Firm Clients amended that motion on March 2, 2024 [ECF 58]. The New Jersey Based Defendants filed an objection to the initial and amended requests on February 27, 2024 [ECF 55] and March 4, 2024 [ECF 60] respectively, which objections note the wholly unauthorized filing of the Second Amended Complaint as to the New Jersey Based Defendants and failure to assert or establish excusable neglect. The Minns Firm Clients' motion to extend the time to respond is now set before the Court for March 18, 2024, at the same time as the hearing on the initial motion by the New Jersey Based Defendants and the motions of other defendants to dismiss the First Amended Complaint.

22. The New Jersey Based Defendants assert that the failure of the Minns Firm Clients to secure a Court order for leave to file the Second Amended Complaint as to the New Jersey Based Defendants makes that filing a nullity.

23. Nevertheless, in an abundance of caution, and in order to docket a response to the Second Amended Complaint, and so as to avoid any potential contention of default, the New Jersey Based Defendants file this Motion to dismiss in response to the Second Amended Complaint.

24. In making this subsequent Motion to dismiss, the New Jersey Based Defendants rely on the arguments made in (i) their initial motion to dismiss the First Amended Complaint [ECF 17]; (ii) their objections to the Minns Firm Clients' request to file a late reply to that initial

6

motion to dismiss [ECF 55 and 60]; (iii) their reply to the Minns Firm Clients' response to the first motion to dismiss; and (iv) all objections and pleadings filed by the other defendants, to the extent applicable, all of which are incorporated by reference herein.

25. The defects which support dismissal of the First Amended Complaint are still present in the Second Amended Complaint.

26. For the procedural and substantive reasons set forth in the prior pleadings of the New Jersey Based Defendants and others, including the lack of standing, the absence of subject matter jurisdiction, the presence of a mandatory arbitration provision, the failure to assert fraud with specificity, the absence of identifying facts naming specific actions of the New Jersey Based Defendants directly and proximately causing damages to expressly identified defendants, the failure to assert any factual elements supporting conspiracy claims or deceptive trade practices involving the New Jersey Based Defendants, the Motion to dismiss the Second Amended Complaint for failure to state a claim should be granted.

## Conclusion

For the foregoing reasons, and the reasons set forth in prior pleadings, the Minns Firm Clients' Second Amended Complaint should be dismissed.

Dated: March 12, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By:   */s/ Jeffrey A. Cooper*
　　　　　　　　　　　　　　　　　　　　　　　Jeffrey A. Cooper
　　　　　　　　　　　　　　　　　　　　　　　Rabinowitz, Lubetkin & Tully, LLC
　　　　　　　　　　　　　　　　　　　　　　　293 Eisenhower Parkway, Suite 100
　　　　　　　　　　　　　　　　　　　　　　　Livingston, NJ 07083
　　　　　　　　　　　　　　　　　　　　　　　State Bar No. (NJ) 022401980
　　　　　　　　　　　　　　　　　　　　　　　State Bar No. (NY) 2137073
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (973) 597-9100
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (973-597-9119)
　　　　　　　　　　　　　　　　　　　　　　　E-mail: jcooper@rltlawfirm.com

and

By: */s/ Christopher L. Halgren*
    Christopher L. Halgren
    McGINNIS LOCHRIDGE LLP
    609 Main St, Suite 2800
    Houston, TX 77002
    State Bar No. (TX) 24069859
    Telephone: (713) 615-8539
    Facsimile: (713) 328-1839
    E-mail: chalgren@mcginnislaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 12th day of March 2024, he caused true and correct copies of the foregoing pleading, together with all attachments hereto, to be served by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system as listed in the attached Matrix, and on the parties shown on the below service list, via first class U.S. Mail and/or e-mail.

| | |
|---|---|
| Jay H. Ong, Esq.<br>Thanhan Nguyen<br>Munsch Hardt Kopf & Harr, P.C.<br>1717 West 6th Street, Suite 250<br>Austin, Texas 78703<br>Email: jong@munsch.com<br>*Counsel to the Chapter 7 Trustee* | Rain Levy Minns Udall, Esq.<br>Minns Law Firm, P.C.<br>d/b/a Rain Minns Law Firm<br>rain@rainminnslaw.com<br>4412 Spicewood Springs Rd., Suite 500<br>Austin, Texas 78759-8583<br>*Counsel to Plaintiffs the Minns Firm Clients* |
| Megan M. Adeyemo<br>Gordon & Rees LLP<br>2200 Ross Avenue<br>Suite 3700<br>Dallas, TX 75201<br>214-231-4660<br>Fax : 214-461-4053<br>Email: madeyemo@grsm.com<br>*Counsel to Defendants Brett George, N2 Ecom, LLC, AKH Investments, LLC, BOH Solutions, LLC, Apex PSW, LLC, E-Com Highway, LLP* | Michael V. Baumer<br>Law Office of Michael Baumer<br>PO Box 1818<br>Liberty Hill, TX 78642<br>512-476-8707<br>Email: baumerlaw@baumerlaw.com<br>*Counsel to Defendants Travis Seth Kniep, Josiah Kniep, Audrey "Atalie" Kniep, Kimberly Kniep* |
| Carl "Bo" Dawson<br>Ryan & Dawson<br>770 South Post Oak Lane, Suite 600<br>Houston, TX 77056<br>713-960-1555<br>Fax : 713-960-8491<br>Email: cdawson@rdlaw.com<br>*Counsel to Defendants Apps Innovation, Inc., David Lopez, Luxeup, Inc., Victoria Ecom, LLC, Victoria State, LLC, Beardman Company Corp., DSD Imports Bros., LLC, Dagabia, Inc., Danmark, Inc., Danvid, fka Beardman Company Corp., Varbuck, LLC, Danilo Varriale, VlegacIV, LLC* | |

By: */s/ Christopher L. Halgren*
      Christopher L. Halgren